IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
ORLANDO DIVISION

| | |
|---|---|
| **DAVID WILLIAMS III,** ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action Number |
| vs. ) | **6-08-cv-952-ORL-28KRS** |
| ) | (related Criminal Action Number |
| **DAVID MIDDLEBROOKS,** ) | **6:07-cr-75-ORL-UWC-PWG)** |
| **WARDEN for COLEMAN USP-1,** ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Petitioner David Williams III's "Verified Petition for Writ of Habeas Corpus," alleges jurisdiction under 28 U.S.C. § 451.[1]  Doc. 1.

I

To the extent that it is intelligible, the Petition alleges that 28 U.S.C. §§ 2241 and 2255,[2] as well as 28 U.S.C. § 3231,[3] are facially unconstitutional because they were never enacted into positive law. The Petition further alleges that the Government "comes into these proceedings" acting in bad faith, fraudulently, and

---

[1] Section 451 of Title 28 is a dictionary statute, defining such terms as "court of the United States," "district court," judge of the United States," justice of the United States," "district," "judicial district," "department," and "agency."

[2] These statutes authorize and govern petitions for habeas corpus.

[3] There is no such statutory provision.

with unclean hands. Doc. 1 at 7. Moreover, according to the Petition, the Court has "violated the separation of Powers Doctrine and Committed Judicial Fraud . . ." *Id.* Elsewhere, Petitioner alleges that he has a right to bring this petition because 28 U.S.C. §§ 451 and 3231 are unconstitutional on their face and therefore he has committed no crime. *Id.* at 33, 43.

Petitioner alleges that the Government's fraud, unclean hands, bad faith, and unfair dealing render the indictment and his conviction void. *Id.* at 48. He again alludes to "Separation of Powers Violations and Judicial Fraud." *Id.* at 52. As relief, Petitioner seeks "relief from unlawful confinement." *Id.* at 56.

On January 12, 2009, Petitioner sought leave "to amend and supplement" his Petition. Doc. 12. In the "'Amended and Supplemented'" petition, Petitioner basically makes the same arguments and raises the same issues as those in the original petition.[4]

II

The Court judicially notices that on May 23, 2007, Petitioner was indicted on nine counts of mail fraud (Counts 1-9), attempting to intimidate a federal judge, a United States Attorney and an assistant United States Attorney in the discharge of

---

[4]The amended petition cites the same jurisdictional basis. Although it raises the issue of subject matter jurisdiction, the issues and arguments of the amended petition are essentially identical to the original petition. Doc. 12-2.

their duties (Count 10), conspiracy to threaten, injure, and impede the federal judge and United States Attorney in the lawful discharge of their duties (Count 11), and presenting a false tort claim to the Department of Justice (Count 12). *United States v. David Williams III and Janet M. Bridley,* Case No. 6:07-cr-75-ORL-UWC (M.D. Fla. May 23, 2007). Count 11 was dismissed by the Court, on motion of the Government. The jury convicted Petitioner on all the remaining counts. *Id.* Petitioner was sentenced to 235 months, to run consecutively to the 400 month sentence imposed on Petitioner in *United States v. David Williams,* Case No. 6:01-cr-58-ORL-28DAB (M.D. Fla. April 1, 2003). *Id.* Petitioner did not file a direct appeal of the conviction and/or sentence.

### III

Section 2255 of Title 28 confers jurisdiction on this Court to entertain a habeas petition by a prisoner serving a federal sentence.[5]

---

[5] **§ 2255. Federal custody; remedies on motion attacking sentence.**

    **(a)**    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon th ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of he maximum authorized by law, or is otherwise subject to collateral attack, may move the Court which imposed the sentence to vacate, set aside or correct the sentence.

    **(b)**    Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney , grant a prompt hearing thereon,

Having reviewed the Petition, the amended and supplemented petition, and the files and records of the underlying case, the Court conclusively finds and concludes that Petitioner is entitled to no relief.

Accordingly, the Petition, as amended and supplemented, will be dismissed by separate order.

                                        U.W. Clemon
                               United States District Judge,
                                  sitting by designation.

---

determine the issues and make findings of fact and conclusions of law with respect thereto. .....